**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3870-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

COREY MORRIS,

     Defendant-Appellant.

_____

> Submitted November 6, 2024 – Decided March 24, 2025
>
> Before Judges Firko and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 03-11-1069.
>
> Corey Morris, appellant pro se.
>
> Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Corey Morris appeals from the denial of his third petition for post-conviction relief (PCR) without an evidentiary hearing. Before us, he argues:

> POINT I
>
> THE TRIAL COURT ERRED IN RULING THAT DEFENDANT'S CLAIM UNDER SUB-POINT A WAS PROCEDURALLY BARRED UNDER RULE 3:22-5.
>
> POINT II
>
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF PCR APPELLATE COUNSEL.
>
> A. PCR APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE ON DIRECT APPEAL DEFENDANT'S SECOND [PCR] PETITION WAS TIMELY FILLED ON DECEMBER 6, 2013 WITHIN ONE-YEAR OF THE DATE OF AUGUST 5, 2013 TRIAL COURT'S ORDER DENYING HIS FIRST PCR PETITION UNDER RULE 3:22-12 (A)(2), AND HIS SECOND PCR PETITION WAS TIMELY RE-FILED ON DECEMBER 22, 2015 WITHIN [NINETY] DAYS OF THE DATE OF [THE] OCTOBER 1, 2015 APPELLATE DIVISION'S JUDGMENT ON DIRECT APPEAL UNDER RULE 3:22-12(9)(3).

2

POINT III

THE APPELLATE DIVISION WITHOUT ADJUDICATION OF DEFENDANT'S CLAIMS ON THE MERITS ERRONEOUSLY MISCALCULATED THE FILING DATE THAT HIS SECOND [PCR] RELIEF WAS FILED ON DECEMBER 21, 2015 MORE THAN TWO YEARS FROM THE DATE AUGUST 5, 2013 THE TRIAL COURT DENIED HIS FIRST PCR PETITION. WHEN IN FACT IT WAS FILED DECEMBER 6, 2013 WITHIN ONE YEAR OF THE DATE OF AUGUST 5, 2013 TRIAL COURT'S ORDER DENYING HIS FIRST PCR PETITION WAS A DENIAL OF DUE PROCESS AND EQUAL PROTECTION OF LAW.

POINT IV

DEFENDANT'S ARGUMENTS RAISED AND BRIEFED ALREADY IN HIS SECOND [SELF-REPRESENTED] SUPPLEMENTAL APPEAL BRIEF AND APPENDIX ATTACHED HEREIN IN SUPPORT OF THIS CURRENT APPEAL WERE NEVER ADJUDICATED ON THE MERITS DUE TO THE APPELLATE DIVISION'S MISTAKEN BELIEF THAT DEFENDANT'S SECOND [PCR] RELIEF[]PETITION WAS NOT TIMELY FILED AND PROCEDURALLY BARRED SO AS TO ENSURE A FULL AND FAIR DISPOSITION OF DEFENDANT'S CURRENT APPEAL IN THE CASE SUBJUDICE, THE INTEREST OF JUSTICE REQUIRES THE APPELLATE DIVISION TO RECONSIDER THE ISSUES ADVANCED IN DEFENDANT'S [SELF-REPRESENTED] SUPPLEMENTAL BRIEF.

THE DEFENDANT'S THIRD [PCR] PETITION WAS TIMELY FILED AND REFILED IN A TIMELY MATTER UNDER RULE 3:22-12 (9)(2)(C) AND RULE 3:22-12 (9)(3).

Considering these arguments, the record, and the applicable law, we affirm.

Following a jury trial, defendant was convicted of second-degree eluding, N.J.S.A. 2C:29-2(b), and deadlocked on the remaining charges. Prior to the start of the retrial in 2005, defendant pleaded guilty to three counts of first-degree robbery, N.J.S.A. 2C:15-1. Defendant was sentenced to a twenty-year extended term on the eluding conviction to run concurrent to three concurrent twenty-year terms for the robbery convictions, resulting in an aggregate sentence of twenty years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

In our decision on defendant's direct appeal from his conviction for second-degree eluding, we summarized the procedural history and statement of facts giving rise to the criminal charges against defendant and the evidence presented during his trial, which need not be repeated here. State v. Morris (Morris I), No. A-2623-05 (App. Div. Jan. 17, 2008) (slip op. at 2-6). We affirmed defendant's convictions but reversed and remanded for resentencing on the eluding conviction. Id. at 17-18. The Supreme Court denied his petition for

certification, <u>State v. Morris</u>, 195 N.J. 421 (2008).  Defendant was resentenced to ten-years' incarceration on the eluding conviction.

On November 1, 2010, defendant filed his first petition for PCR and supplemental briefs, arguing both his trial and appellate counsel provided ineffective assistance.  PCR counsel filed an amended petition and supporting brief, arguing:  (1) trial counsel failed to move for withdrawal of defendant's guilty plea to the three robbery counts when he requested that counsel file the motion, and (2) appellate counsel failed to file a <u>Rule</u> 2:5-5(a) motion to correct the <u>Miranda</u>[1] hearing transcript.

In his self-represented brief, defendant raised three arguments:  (1) the trial on the armed robbery charges constituted double jeopardy because the gun charges had been dismissed, (2) the dismissal precluded the State from using the gun in defendant's possession to establish a factual basis for accepting the guilty plea, and (3) trial counsel failed to advise him of those defenses, as well as the incorrect jail and gap time credits.

---

[1]  <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

On August 5, 2013, the PCR judge denied defendant's petition without an evidentiary hearing, finding defendant did not satisfy the Strickland[2] two-prong test. The judge also found defendant's three self-represented arguments were not raised on direct appeal, and therefore, were procedurally barred under Rule 3:22-4(a). Defendant appealed, and we affirmed for the reasons explained in our unpublished opinion. State v. Morris (Morris II), No. A-0127-13 (App. Div. Oct. 1, 2015), certif. denied, State v. Morris, 228 N.J. 44 (2016).

While awaiting disposition of his direct appeal, defendant filed a second PCR on December 6, 2013, which was denied pursuant to Rule 3:22-3. Defendant then re-filed a second self-represented PCR on December 18, 2015. Thereafter, defendant filed an amended second PCR petition on September 16, 2016. In a comprehensive written opinion issued on August 23, 2018, the same PCR judge that heard defendant's initial PCR petition denied defendant's motion without an evidentiary hearing because again, defendant had not satisfied Strickland. The judge reasoned: (1) trial counsel, appellate counsel, and PCR counsel did not provide ineffective assistance of counsel; and (2) the State did

---

[2] Strickland v. Washington, 466 U.S. 688 (1966) and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

6

not violate defendant's due process rights under <u>Brady</u>[3] by failing to produce during discovery a "<u>Miranda</u> Rights Form and an arrest/intake photograph that would have changed the outcome of [defendant's] motion to suppress, resulting in suppression of his inculpatory statement." Defendant appealed the denial of his second PCR on December 6, 2018, and we affirmed on July 27, 2021. <u>State v. Morris</u> (<u>Morris III</u>), No. A-1514-18 (App. Div. July 27, 2021) (slip op. at 13). Defendant subsequently filed an appeal.

Defendant filed a third PCR on July 26, 2019. On September 30, 2019, the PCR judge dismissed defendant's third PCR petition without prejudice citing <u>Rule</u> 3:22-12(a)(3), because of the pending appeal. Defendant then re-filed his third PCR on October 8, 2022. Again, defendant's motion was dismissed without prejudice under the same rule because he petitioned for certification with the Supreme Court. Defendant's petition was denied on April 5, 2022. <u>State v. Morris</u>, 240 N.J. 356 (2022).

Defendant refiled his third PCR petition on May 24, 2022, claiming: (1) appellate counsel failed to argue that he timely filed his second PCR petition under <u>Rule</u> 3:22-12(a)(2) and (a)(3); (2) he would have prevailed on the appeal of a second PCR petition had appellate counsel raised the timeliness argument;

---

[3] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963)

(3) the PCR court erred in finding his second PCR petition was procedurally barred because it was filed more than two years after his first PCR petition; and (4) we incorrectly miscalculated the filing date of his second PCR petition in the July 27, 2021 order.

Defendant re-filed the third PCR on July 11, 2023. The PCR judge denied defendant's PCR petition, finding it was procedurally barred pursuant to Rule 3:22-5.

The dispositive issue is whether defendant's arguments concerning the filing of this second and third petition are time-barred. We are guided by the strict limitations placed on second and subsequent petitions for PCR. Rule 3:22-4(b)(1) requires second and subsequent PCR petitions to be timely filed under Rule 3:22-12(a)(2), which instructs that petitions cannot be filed beyond one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

Also essential to our inquiry are the permissible grounds of relief for a second and subsequent PCR petition. Rule 3:22-4(b)(2) requires that a second and subsequent PCR petition for PCR allege either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

The application of those rules and standards requires the "'[p]reclusion of consideration of an argument presented in post-conviction relief proceedings . . . if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal.'" State v. Marshall, 173 N.J. 343, 351 (2002) (quoting State v. Marshall, 148 N.J. 89, 150 (1997)). The same principle

applies to issues decided on the merits in a prior PCR proceeding. A PCR claim is based upon the "same ground" as a claim already raised by direct appeal when "'the issue is identical or substantially equivalent'" to the issue previously adjudicated on the merits. State v. McQuaid, 147 N.J. 464, 484 (1997).

Having considered the record and the governing principles, we restate our holding the "PCR judge did not have subject matter jurisdiction under Rule 3:22-12(a)(2)(C) to adjudicate the merits of defendant's second PCR petition." Morris II, slip op. at 15. Our reasoning remains unchanged, "[d]efendant's second PCR petition [was]s thus procedurally barred pursuant to Rule 3:22-12(a)(2)(C) and should have been summarily dismissed." Id. at 18.

Defendant's third PCR suffers from the same procedural flaw, which cannot be revived. The PCR judge properly summarily dismissed defendant's third petition under Rule 3:22-5. To the extent we have not addressed defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10

A-3870-22